# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Alan Troy Nimer,

                Petitioner,

v.

Charles L. Ryan, et al.,

                Respondents.

No. CV-12-01103-PHX-ROS

**ORDER**

Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R&R") recommending the petition for writ of habeas corpus be denied.  Petitioner Alan Troy Nimer filed timely objections.  For the following reasons, the R&R will be adopted in full.

## I.  Standard of Review for R&R

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  The district court must review de novo the portions to which an objection is made.  *Id.*  The district court need not, however, review the portions to which no objection is made.  *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[D]e novo review of factual and legal issues is required if objections are made, but not otherwise.") (quotation marks and citation omitted).

## II.  Factual Background

Petitioner filed lengthy objections to the R&R but those objections do not, in large

part, object to the factual background contained in the R&R.  Thus, the Court will largely accept the factual background as recounted in the R&R.  That background, in brief, is as follows.

In February 2005, Petitioner was contacted by Phoenix Police Officer David Murphy based on the license plate of the car Petitioner was driving being suspended for lack of insurance.  During that contact, Officer Murphy saw two open containers of alcohol in Petitioner's vehicle.  When Officer Murphy retrieved the open containers, he noticed a pistol.  Petitioner was arrested, read his *Miranda* rights, and transported to the police station.

Petitioner was charged with Misconduct Involving Weapons based on possessing the pistol while Arizona law made him a prohibited possessor.  During trial, Officer Murphy testified he was following Petitioner's vehicle in traffic when he checked the license plate.  (Doc. 27-7 at 20).  That prompted him to make a traffic stop of Petitioner's vehicle.  Officer Murphy also testified regarding various statements allegedly made by Petitioner both before and after he read Petitioner his *Miranda* rights.  Officer Murphy confirmed his version of events on cross-examination.  (Doc. 28 at 18).

When Petitioner testified, he explained that he had parked his car, visited a store, and was back in his car when Officer Murphy pulled up behind the vehicle.  (Doc. 28-2 at 1).  Petitioner also denied having made the statements Officer Murphy had recounted. The state called Officer Murphy in rebuttal and Officer Murphy again testified regarding the sequence of events leading to the traffic stop and statements by Petitioner.  (Doc. 28-2 at 7-15).  The conflicting versions of the traffic stop were not mentioned during closing argument but the statements Petitioner allegedly made were mentioned.  (Doc. 28-2 at 39).  Petitioner was convicted and sentenced to the presumptive term of ten years.

Petitioner pursued a direct appeal as well as state post-conviction proceedings. Petitioner filed this federal habeas petition in May 2012.  In responding to the petition, Respondents construed the petition as presenting four claims: 1) ineffective assistance of counsel ("IAC") based on trial counsel's failure to call certain witnesses; 2) IAC based on

the failure to file a motion to suppress physical evidence; 3) IAC based on the failure to file a motion to suppress statements; 4) and a "due process" violation based on the state court's failure to accept a filing in connection with the state post-conviction proceedings. (Doc. 26).  Respondents conceded claims one, two, and three were properly presented but argued the fourth claim was not cognizable on federal habeas.

**III.  Analysis of Petitioner's Claims**

Having reviewed the R&R and Petitioner's objections, the Magistrate Judge correctly concluded three of Petitioner's claims fail on their merits while the fourth is not cognizable on federal habeas review.

**A.  IAC Regarding Witnesses**

Petitioner's first claim alleges IAC based on his trial counsel's failure to investigate two witnesses "who Petitioner claims would have provided exculpatory testimony regarding the traffic stop by Officer Murphy." (Doc. 29 at 9).  Those witnesses were in the cell phone store Petitioner allegedly visited immediately before his contact with Officer Murphy.  According to Petitioner, these witnesses would have corroborated his version of events that Officer Murphy did not initiate a traffic stop of his vehicle. Instead, Officer Murphy pulled into the parking lot after Petitioner had already arrived. According to Petitioner, calling these two witnesses "would have provided exculpatory evidence to ensure a fair trial and a complete defense." (Doc. 32 at 10).

In general, to prevail on an IAC claim "a petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense." *Woods v. Sinclair*, 2014 WL 4179917 (9th Cir. Aug. 25, 2014) (citation and internal quotation marks omitted).  When, as in this case, a federal court is assessing an IAC claim the state court rejected, the federal court must ask "whether there is any reasonable argument that counsel satisfied [the IAC] deferential standard." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).  This creates a "doubly deferential" standard that "gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013).

1      The Magistrate Judge explained this standard and then explained he would assume

2  deficient performance and proceed directly to the prejudice prong.  (Doc. 29 at 11).  This

3  Court will do the same.  This means the majority of Petitioner's objections addressing the

4  deficient performance prong are irrelevant.  As for Petitioner's objections regarding the

5  prejudice prong, they are not convincing.  The Magistrate Judge correctly explained

6  "Petitioner has not demonstrated a reasonable probability that, but for counsel's failure to

7  call the cell phone store employees as witnesses, the result of the proceeding would have

8  been different."  (Doc. 29 at 12).  The inconsistencies between Officer Murphy's

9  testimony and the testimony the witnesses allegedly would have offered may have

10 undercut Officer Murphy's credibility.  But the state court could have reasonably

11 concluded the result of the proceeding would have been the same even if the witnesses

12 had been called because the uncalled witnesses would have testified about the

13 circumstances leading up to the encounter between Petitioner and Officer Murphy.  They

14 would not have testified about Petitioner's statements or what Officer Murphy found in

15 the vehicle.  In other words, the witnesses would not have changed the portions of Officer

16 Murphy's testimony that directly supported Petitioner's guilt.  The state court reasonably

17 could have concluded this IAC claim failed.  Therefore, Petitioner's objections regarding

18 his first claim will be overruled.

19     **B.  IAC Regarding Filing of Motion to Suppress**

20     Petitioner's next claim alleges IAC based on counsel's failure to file a motion to

21 suppress the physical evidence seized from his vehicle.  The Magistrate Judge again

22 assumed deficient performance and concluded "Petitioner has not demonstrated that a

23 motion to suppress . . . would have been successful."  (Doc. 29 at 14).  Petitioner's

24 objections again are focused on the deficient performance prong, making them irrelevant.

25 To the extent the objections attack the conclusion regarding the prejudice prong, they are

26 not convincing.

27     Petitioner appears to believe that if his defense counsel had interviewed the two

28 witnesses, she would have had grounds to file a motion to suppress.  But even as

- 4 -

described by Petitioner, the witnesses' testimony would not have made Officer Murphy's contact with Petitioner unlawful. The witnesses' testimony had nothing to do with the factual basis for Officer Murphy speaking with Petitioner (i.e., the expired license plate). Thus, there does not appear to be any plausible basis on which a motion to suppress could have been successful. Therefore, the state court reasonably could have concluded this IAC claim failed and Petitioner's objections regarding this claim will be overruled.

### C. IAC Regarding *Miranda* Violation

Petitioner's third IAC claim involves his counsel's failure to file a motion seeking to suppress statements he allegedly made before being read his *Miranda* rights. The Magistrate Judge again presumed deficient performance and looked to prejudice. As with the previous two claims, Petitioner's objections are focused on the deficient performance prong. But Petitioner does present some objections regarding the prejudice prong. Having reviewed the record, the Magistrate Judge's analysis was correct.

Petitioner has not shown that if his counsel had filed a motion to suppress, it would have been granted. The testimony at trial established no *Miranda* violation occurred because Petitioner's pre-*Miranda* statement was not the result of an interrogation and his post-*Miranda* statements were admissible. Moreover, Petitioner has not established the result would have been different even if his counsel *had* filed a motion and the motion *had* been granted because the conviction did not depend upon Petitioner's statements. The evidence was sufficient to support a conviction even if the statements had been excluded. Accordingly, the state court reasonably could have concluded this IAC claim failed. Petitioner's objections regarding the third IAC claim will be overruled.

### D. Petitioner's Due Process Claim

Petitioner's fourth claim is based on his belief that the state court mishandled a compact disc he attempted to submit in support of his petition for post-conviction relief. The compact disc contained audio recordings of interview of the two witnesses from the cell phone store. Petitioner believes the mishandling by the state courts violated "his constitutional due process rights." (Doc. 32 at 30). The Magistrate Judge rejected this

claim as non-cognizable on federal habeas.  Plaintiff objects to that conclusion but the basis for his objections is not clear.  Having reviewed the petition, the R&R, and the objections, the Magistrate Judge correctly concluded the claim was not cognizable.

The mishandling of the compact disc was, at most, an error in the state post-conviction proceedings.  Federal habeas is not available to redress such an error.  *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[P]etition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.").  Therefore, the objections regarding the due process claim will be overruled.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 29) is **ADOPTED IN FULL** and the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 26th day of September, 2014.

Honorable Roslyn O. Silver
Senior United States District Judge